UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY JEAN SMITH and DANIEL COOPER,<br><br>Plaintiffs,<br><br>v.<br><br>DAVOL INC.,<br>SUB C.R. BARD, INC.,<br><br>Defendant. | ) | Case No.: ______________<br><br>JURY TRIAL DEMANDED |

**DEFENDANT DAVOL INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby removes the above-captioned action from the Court of Common Pleas of Allegheny County, Pennsylvania, to this Court. In support of removal, Defendant states as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiffs' Complaint is nearly identical to numerous other product liability complaints filed against Davol throughout the country. Plaintiffs allege that the Composix® Kugel® Hernia Patch, "), an FDA-approved medical device manufactured and sold by Davol for use in the repair of soft tissue defects, including hernias, was defective and unreasonably dangerous when put to its intended use. In 2006, two federal court plaintiffs with similar claims filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") seeking transfer and centralization of all federal cases involving this medical device pursuant to 28 U.S.C. § 1407. On May 31, 2007, the JPML heard that motion, and on June 22, 2007, the JPML granted the plaintiffs' motion for

transfer and consolidation. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007). As a result, all federal cases concerning the Composix® Kugel® Patch have been transferred or are in the process of being transferred to the District of Rhode Island for consolidated pretrial proceedings styled as *In re: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION*, No. 1:07-MDL-1842-ML (D.R.I.) (J. Lisi). With Defendant's removal, the present action can and should become part of those MDL proceedings in due course.

2. In the instant action, Plaintiffs filed their Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania on or about February 5, 2008. Davol was served with the Complaint on or about February 5, 2008 as well.

3. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant (including Plaintiffs' Complaint) is attached hereto as Ex. A.

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Court of Common Pleas of Allegheny County, Pennsylvania, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 118(c).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol, through service, of Plaintiffs' Complaint, which sets forth the bases for removal.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Court of Common Pleas of Allegheny County, Pennsylvania, where Plaintiffs' Complaint is pending. A copy of this Notice of Removal and the written notice of same provided to the state court is also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

7. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

8. Although Defendant denies Plaintiffs' claims, and although Plaintiffs seek an unspecified amount of damages, Defendant states that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiffs' claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was designed and sold by Davol and used in conjunction with Plaintiff Mary Jean Smith's hernia repair. (*See* Compl. ¶¶ 4-7.) Plaintiff Mary Jean Smith alleges that due to its allegedly defective design the Composix® Kugel® hernia patch failed, and, as a result, she sustained serious personal injuries which include, "severe physical pain, suffering and discomfort, and mental anguish; [p]ermanent scarring; [m]ultiple surgeries…tissue inflammation…increased risk of infection; [e]mbarrassment and inconvenience" and "[d]ecreased self esteem" (*Id.* ¶¶16, 23.) Plaintiff further alleges that she has "undergone and continues to undergo medical examinations, diagnostic tests, medical treatments, [and] medical procedures…" and will continue to do so into the future. (*Id.* ¶ 17.) Summarily, Plaintiff claims to have sustained "loss of wages", "pain and suffering" and "loss of enjoyment of life," allegedly as a result of the Composix® Kugel® hernia patch. (*Id.* ¶¶ 19-20.)

9. The amount-in-controversy requirement is easily met here because the types of injuries alleged and damages sought in Plaintiff's Complaint make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co., supra*); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (medical device product liability complaint alleging compensatory and punitive damages satisfies amount-in-controversy for federal diversity jurisdiction); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, other plaintiffs making similar allegations as the ones expressed here have brought their actions in federal court, thus expressly pleading an amount-in-controversy in excess of amount required by 28 U.S.C. § 1332. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry). Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Are Completely Diverse**

10. Plaintiffs are residents and citizens of Pittsburgh, Pennsylvania. (*See* Complaint ¶ 1.)

11. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant Davol Inc. respectfully removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendant respectfully requests an opportunity to provide briefing and oral argument.

Dated: February 11, 2008

Respectfully submitted,

WHITE AND WILLIAMS LLP

/s/ Steven J. Forry

Steven J. Forry
White and Williams LLP
1001 Frick Building
Pittsburgh, PA 15219
Tel: 412-566-3531
Fax: 412-566-3548
forrys@whiteandwilliams.com

ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

Of Counsel:
Kirby T. Griffis
Dana A. Gausepohl
Michael L. Junk
Spriggs & Hollingsworth
1350 I Street NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639
kgriffis@spriggs.com
dgausepohl@spriggs.com
mjunk@spriggs.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 11th day of February, 2008, a true and correct copy of the foregoing Notice of Removal has been served upon the following counsel of record in the manner indicated below.

Anthony J. Plastino, II, Esq.
David C. Trimmer, II, Esq.
JONES, GREGG, CREEHAN & GERRACE LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219

*Certified Mail (Return Receipt Requested)*

BY: /s/ Steven J. Forry

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY JEAN SMITH and DANIEL COOPER, | CIVIL DIVISION |
| Plaintiffs, | NO. |
| v. | Issue No. |
| DAVOL, INC. SUB C.R. BARD, INC., | |
| Defendant. | |

**<u>NOTICE TO PLAINTIFF</u>**

TO: Anthony J. Plastino, II, Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219

**PLEASE** take notice that Defendants have filed a Notice in the United States District Court for the Western District of Pennsylvania for removal of an action now pending in the Court of Common Pleas of Allegheny County, Pennsylvania, captioned <u>Mary Jean Smith and Daniel Cooper, Plaintiffs vs. Davol, Inc. Sub C.R. Bard, Inc. at Docket No. GD 07-027379</u>.

**FURTHER**, take notice that Defendants have at the same time filed with the United States District Court for the Western District of Pennsylvania a copy of the Complaint served upon them and which was field and entered in the Court of Common Pleas of Allegheny County. A copy of said Notice of Removal is attached to this Notice and is hereby served upon you.

Respectfully submitted,

WHITE AND WILLIAMS, LLP

Date: 2-11-08

By: ______________________
Steven J. Forry, Esquire
PA ID 73961
The Frick Building, Suite 1001
437 Grant Street
Pittsburgh, PA 15219
(412) 566-3520
Attorney for Defendant, Davol, Inc. Sub C.R. Bard, Inc.

PHLDMS1 3963517v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY JEAN SMITH and DANIEL COOPER, | CIVIL DIVISION |
| Plaintiffs, | NO. |
| | Issue No. |
| v. | |
| DAVOL, INC. SUB C.R. BARD, INC., | |
| Defendant. | |

**PROOF OF FILING**

**TO THE CLERK OF THE COURT:**

Steven J. Forry, Esquire, herby certifies that a copy of the foregoing Notice of Removal will be filed with the Prothonotary of the Allegheny County Court of Common Pleas contemporaneously with electronic filing of the Notice of Removal in the United State District Court for the Western District of Pennsylvania.

Respectfully submitted,

WHITE AND WILLIAMS, LLP

Date: 2-11-08

By: ______________________

Steven J. Forry, Esquire
PA ID 73961
The Frick Building, Suite 1001
437 Grant Street
Pittsburgh, PA 15219
(412) 566-3520
Attorney for Defendant, Davol, Inc.
Sub C.R. Bard, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY JEAN SMITH and DANIEL COOPER, | CIVIL DIVISION |
| | NO. |
| Plaintiffs, | Issue No. |
| v. | |
| DAVOL, INC. SUB C.R. BARD, INC., | |
| Defendant. | |

**<u>VERIFICATION</u>**

Steven J. Forry, Esquire, hereby states that he is an attorney for Defendants in the within action and verifies that the statements made in the foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Respectfully submitted,

WHITE AND WILLIAMS, LLP

Date: 2-11-08

By: ______________________
Steven J. Forry, Esquire
PA ID 73961
The Frick Building, Suite 1001
437 Grant Street
Pittsburgh, PA 15219
(412) 566-3520
Attorney for Defendant, Davol, Inc.
Sub C.R. Bard, Inc.