You can use your browser **BACK** button to return to previous page.

[New Case Number] [Service History] [Notification History] [Docket Report] [Account Information] [Home]

## GD-07-027379

## Cooper etal vs Davol Inc.

| | | | |
|---|---|---|---|
| *Filing Date:* | **12/20/2007** | *Case Type:* | **Multiple Civil Action** |
| *Filing Time:* | **3:28:45** | *Court Type:* | **General Docket** |
| *Related Cases:* | | *Current Status:* | **Complaint** |
| *Judge:* | **No Judge** | *Jury Requested:* | **Yes** |
| *Amount In Dispute:* | **$ .00** | | |

***Click on PartyID hyperlink to see Alternative name for the party.**

### Parties

#### -- Litigants --

| ID | LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|---|
| @1533772 | Cooper | Daniel | --- | Plaintiff | 814 Berwin Avenue Pittsburgh PA 15226 | -- | Huntley David M, |
| ALLPLTF | Plaintiffs | All | --- | Plaintiff | 106 Wetzel Road Glenshaw PA 15116 | -- | -- |
| @1533770 | Smith | Mary | Jean | Plaintiff | 814 Berwin Avenue Pittsburgh PA 15226 | -- | Huntley David M, |
| @1533396 | Davol Inc. | --- | --- | Defendant | 100 Sockanossett Crossroad Cranston RI 02920 | -- | -- |

#### -- Attorney --

| ID | LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|---|
| 59960 | Huntley | David | M | Plaintiff's Attorney | 411 Seventh Avenue Suite 1200 Pittsburgh PA 15219-1905 | -- |
| 73961 | Forry | Steven | J. | Defendant's Attorney | 437 Grant Street, Suite 1001 White and Williams LLP Pittsburgh PA 15219 | (412) 5663520 |

#### -- Non Litigants --

No Listing

***Click on DocketType hyperlink to see Judgments for that Docket.**
Document numbers in the DOCUMENT column may not be consecutive.

### Docket Entries

| Filing Date | Docket Type | Docket Text | Filing Party | Document |
|---|---|---|---|---|
| 02/05/2008 | Complaint | | Plaintiffs All | Document 7 |
| | | | | |

EXHIBIT
tabbies
A

| | | | | |
|---|---|---|---|---|
| 01/22/2008 | Affidavit of Service | of Rule to File a Complaint, served upon Plaintiff's Attorney via certified mail on 01/18/08. | Davol Inc. | Document 6 |
| 01/15/2008 | Praecipe for Appearance | by Steven J. Forry Esq. | Davol Inc. | Document 4 |
| 01/15/2008 | Praecipe for Rule to File Complaint | | Davol Inc. | Document 5 |
| 01/10/2008 | Amended | Proof of service Of the writ of summons in a civil action by certified mail return receipt requested on Dec 26,2007 | Plaintiffs All | Document 3 |
| 01/03/2008 | Proof of Service | The writ of summons was served upon Davol, Inc. Sub C.R. Bard, Inc. on 01/03/08 by certified mail. | Smith Mary Jean | Document 2 |
| 12/20/2007 | Praecipe for Writ of Summons | Returnable 01/19/08. | Cooper Daniel | Document 1 |

**If you don't have Adobe Acrobat Reader to view documents, you can get it here.**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

MARY JEAN SMITH and DANIEL COOPER,

Plaintiffs,

v.

DAVOL, INC.
SUB C.R. BARD, INC.

Defendant.

CIVIL DIVISION

G.D. NO. 07-027379

**COMPLAINT IN CIVIL ACTION**

FILED ON BEHALF OF PLAINTIFF

ATTORNEYS OF RECORD:

ANTHONY J. PLASTINO, II
PA I.D. 30520

DAVID C. TRIMMER, II, ESQUIRE
PA. I.D. 202924

JONES, GREGG, CREEHAN & GERACE, LLP
411 SEVENTH AVENUE
SUITE 1200
PITTSBURGH, PA 15219
(412) 261-6400

08 FEB -5 PM 4:27
PROTHONOTARY
ALLEGHENY COUNTY

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

MARY JEAN SMITH and DANIEL COOPER,

CIVIL DIVISION

Plaintiffs,

v.

G.D. NO. 07-027379

DAVOL, INC.
SUB C.R. BARD, INC.

Defendant.

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice or any money claimed in the Complaint or any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

LAWYER REFERRAL SERVICE
THE ALLEGHENY COUNTY BAR ASSOCIATION
11TH FLOOR KOPPER BUILDING
436 SEVENTH AVENUE
PITTSBURGH, PA 15219
TELEPHONE: (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MARY JEAN SMITH and DANIEL COOPER,

Plaintiffs,

v.

DAVOL, INC.
SUB C.R. BARD, INC.

Defendant.

CIVIL DIVISION

G.D. NO. 07-027379

**NOTICE TO PLEAD**

You are hereby notified to plead to the enclosed Complaint directed to you within twenty (20) days from service hereof or a judgment may be entered against you.

JONES, GREGG, CREEHAN & GERACE, LLP

By: ______________________
David C. Trimmer, II, Esquire

Attorney for Plaintiffs,
Mary Jean Smith and Daniel Cooper

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MARY JEAN SMITH and DANIEL COOPER,

Plaintiffs,

v.

DAVOL, INC.
SUB C.R. BARD, INC.

Defendant.

CIVIL DIVISION

G.D. NO. 07-027379

**COMPLAINT IN CIVIL ACTION**

AND NOW, come the Plaintiffs, Mary Jean Smith and Daniel Cooper, by and through their attorneys, Anthony J. Plastino, II, Esquire, David C. Trimmer, II, Esquire and Jones, Gregg, Creehan & Gerace, LLP and file the following Complaint in Civil Action and in support thereof aver as follows:

1. Plaintiffs Mary Jean Smith and Daniel Cooper are adult individuals residing at 814 Berwin Avenue, Pittsburgh, Pennsylvania 15226.

2. Upon information and belief, Defendant, Davol, Inc. Sub C.R. Bard, Inc. (hereinafter "Davol"), is incorporated under the laws of the State of Delaware and has its principle place of business located at 100 Sockanossett Crossroad, Cranston, Rhode Island 02920.

3. At all times relevant hereto, Defendant Davol was engaged in the business of designing, manufacturing, marketing, advertising, selling and supplying the Bard Composix Kugel mesh patch.

4. At the time of the sale of the Kugel patch believed and averred to have been used in Plaintiff, Defendant Davol was engaged in the business of selling such products.

5. It is believed and therefore averred that Defendant Davol designed, manufactured, distributed and/or sold, a Bard Composix Kugel mesh patch (hereinafter referred to as "Kugel mesh patch" or "patch") to Plaintiff Mary Jean Smith's healthcare providers. Said patch and instructions for their use were designed, manufactured, prepared, published and supplied by Defendant Davol under circumstances in which Defendant Davol knew or should have known that they would be used by Plaintiff's healthcare providers and Plaintiff in the manner and under the conditions which Plaintiff's healthcare provider and Plaintiff actually used the product.

6. On or about September 10, 2001, Plaintiff Mary Jean Smith received hernia repair surgery believed and averred to have been with said Kugel mesh patch at Presbyterian Hospital in Allegheny County, Pennsylvania.

7. As a result of said surgery, a Kugel mesh patch, manufactured, designed, marketed and sold by Defendant Davol is believed and averred to have been inserted into Plaintiff Mary Jean Smith.

8. At all times material hereto, said patch was being used by Plaintiff Mary Jean Smith in a manner and for a purpose for which said patch was designed, advertised and intended to be used by Defendant Davol.

9. As designer, manufacturer, supplier and/or distributor of the Kugel patch believed and therefore averred to have been used in Plaintiff, Defendant Davol had a duty to supply purchasers and users with devices, patches and instructions which were

free of manufacturing and design defects, and which were fit and safe, in all respects, for their intended use, particularly inside the body of a patient.

10. Defendant Davol breached its duties alleged above and as a result, placed into the stream of commerce the Kugel patch believed and therefore averred to have been used in Plaintiff in a defective condition, unsafe and unfit for its intended use.

11. Defendant Davol, through its manuals, sales literature and advertisements and by and through its authorized employees and representatives, acting in the course and scope of their employment, misrepresented material facts concerning the characteristics and quality of the Kugel patch believed and therefore averred to have been used in Plaintiff and sold by Defendant Davol, proximately causing physical harm to Plaintiff Mary Jean Smith resulting from her justifiable reliance thereon.

12. When sold by Defendant Davol, the Kugel patch believed and therefore averred to have been used in Plaintiff was expected to reach its ultimate consumer without substantial change from the condition in which it was sold and did in fact reach Plaintiff Mary Jean Smith, its ultimate consumer, without substantial change in condition.

**COUNT I – STRICT LIABILITY**

**Mary Jean Smith v. Davol, Inc. Sub. C.R. Bard, Inc.**

13. Plaintiff incorporates by reference Paragraphs 1 through 12 as if set forth at length herein.

14. Upon information and belief, the failure of the Kugel patch believed and therefore averred to have been used in Plaintiff Mary Jean Smith was caused by the defective nature of said patch, which defect existed at the time the patch left the

Defendant's care, custody and control, and rendered the patch unreasonably dangerous for its intended use.

15. As a result of the defective patch, Defendant Davol is strictly liable to Plaintiff pursuant to §402A of the Restatement (Second) of Torts for the following reasons, including, but not limited to:

a. Failing to properly and adequately design the patch;

b. Failure to properly and adequately manufacture the patch;

c. Failing to properly obtain, utilize and/or inspect any and all component parts or other materials used in the manufacture of the patch;

d. Failing to properly instruct, or educate, those individually known or anticipated to be charged with the insertion of the patch;

e. Failing to warn the Plaintiff of the dangerous nature of the patch;

f. Malfunction of the patch during normal and anticipated use; and

g. Other defects as may become evident through the course of discovery and/or trial.

16. As the direct and proximate result of the defects in the Kugel patch and/or malfunction of the Kugel patch during normal and anticipated use, Plaintiff suffered and continues to suffer from serious injuries and damages, including, but not limited to, the following:

a. Severe physical pain, suffering and discomfort, and mental anguish;

b. Permanent scarring;

c. Multiple surgeries and hospital admissions;

d. A limited liquid and/or soft diet;

e. Tissue inflammation and/or swelling;

f. Increased risk of infection;

g. Embarrassment and inconvenience;

h. Financial expenditures for medical treatment;

i. Inability to undertake her normal employment duties, resulting in lost income;

j. Diminution in her ability to enjoy life and life's pleasures; and

k. Decreased self esteem.

17. As a direct result of these injuries and damages, Plaintiff Mary Jean Smith has undergone and continues to undergo medical examinations, diagnostic tests, medical treatments, medical procedures and has treated with and continues to treat with medications for said condition.

18. The medical examinations, diagnostic tests, medical treatments, medical procedures, medications and medical devices have been procured at great cost and expense and will necessarily be procured at great cost and expense in the future.

19. Further, Plaintiff Mary Jean Smith has suffered loss of wages, which loss of wages is expected to continue into the future.

20. In addition, Plaintiff Mary Jean Smith has experienced pain and suffering, and loss of enjoyment of life. This pain and suffering and loss of enjoyment of life is expected to continue into the future.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant Davol in an amount in excess of the compulsory arbitration limit, plus costs and interest and such other relief as is just and proper.

## COUNT II – NEGLIGENCE

**Mary Jean Smith v. Davol, Inc. Sub C.R. Bard, Inc.**

21. Plaintiff incorporates by reference Paragraphs 1 through 20 as if set forth at length herein.

22. The failure of the Kugel patch believed and therefore averred to have been used in Plaintiff Mary Jean Smith was directly and proximately caused by the negligence, carelessness and recklessness of the Defendant Davol, including, but not limited to, the following:

a. Failing to discover the defect in the patch when Defendant Davol knew or should have known that such defect existed;

b. Failing to properly test the patch before placing it on the market;

c. Failing to properly obtain, utilize and/or inspect any and all component parts or other materials used in the manufacture of the patch;

d. Failing to properly instruct, or educate, those individually known or anticipated to be charged with the insertion of the patch;

e. Failing to warn Plaintiff Mary Jean Smith of the dangerous nature of the patch;

f. Otherwise failing to exercise the requisite degree of care and caution in manufacturing, designing, marketing and selling the patch used in Plaintiff.

23. As a direct result of Defendant Davol's negligence, Plaintiff Mary Jean Smith suffered serious injuries and damages including, but not limited to:

a. Severe physical pain, suffering and discomfort, and mental anguish;

b. Permanent scarring;

c. Multiple hospital admissions and surgical procedures;

d. A limited liquid and/or soft diet;

e. Rashes, skin irritations, ulcers, tissue inflammation and/or swelling;

f. Increased risk of infection;

g. Embarrassment and inconvenience;

h. Financial expenditures for medical treatment;

i. Inability to undertake her normal employment duties, resulting in lost income;

j. Diminution in her ability to enjoy life and life's pleasures; and

k. Decreased self esteem.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Davol in an amount in excess of the compulsory arbitration limit, plus costs and interest and such other relief as is just and proper.

**COUNT III – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**

**Mary Jean Smith v. Davol, Inc. Sub. C.R. Bard, Inc.**

24. Plaintiff incorporates by reference Paragraphs 1 through 23 as if set forth at length herein.

25. At the time the Defendant Davol marketed and sold the patch believed and therefore averred to have been used in Plaintiff Mary Jean Smith, Defendant Davol warranted, expressly and/or impliedly, that the patch was free from defects, was fit for the ordinary purposes for which it is used and was fit for the particular purposes for which it was intended.

26. Defendant Davol breached the aforesaid warranties, including, but not limited to, express warranties, warranties of merchantability, and warranties of fitness

for a particular purpose by providing Plaintiff Mary Jean Smith with a patch which was defective, as more fully described above, and which was neither adequate nor suitable for the ordinary and/or particular uses for which it was intended.

27. As the direct result of Defendant Davol's breach of its express and/or implied warranties, Plaintiff Mary Jean Smith suffered serious injuries and damages including, but not limited to:

a. Severe physical pain, suffering and discomfort, and mental anguish;

b. Permanent scarring;

c. Multiple surgical procedures;

d. A limited liquid and/or soft diet;

e. Tissue inflammation and/or swelling;

f. Increased risk of infection;

g. Embarrassment and inconvenience;

h. Financial expenditures for medical treatment;

i. Inability to undertake her normal employment duties, resulting in lost income;

j. Diminution in her ability to enjoy life and life's pleasures; and

k. Decreased self esteem.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Davol in an amount in excess of the compulsory arbitration limit, plus costs and interest and such other relief as is just and proper.

## COUNT IV – LOSS OF CONSORTIUM

### Daniel Cooper v. Davol, Sub C.R. Bard, Inc.

28. Plaintiffs incorporate herein by reference, Paragraphs 1 through 27 as if set forth at length herein.

29. Mary Jean Smith and Daniel Cooper have been companions for eight (8) years.

30. As a result of Defendant's conduct described herein, Daniel Cooper has been deprived of the society, companionship, contributions, consortium and love, and affection of Mary Jean to his great detriment and loss.

31. As a result of Defendant's conduct described herein, Plaintiff Daniel Cooper may incur medical bills and expenses to treat his wife's injuries.

32. As a result of Defendant's conduct described herein, Plaintiff Daniel Cooper suffered and will continue to suffer a disruption in his daily habits and pursuit of enjoyment in life.

WHEREFORE, Plaintiff Daniel Cooper demands judgment in his favor and against Defendant in an amount in excess of the compulsory arbitration limit, plus costs and interests and such other relief as is just and proper.

G.D. NO. 07-027379

Respectfully submitted,

Jones, Gregg, Creehan & Gerace, LLP

By: ______________________________
Anthony J. Plastino, II, Esquire
PA I.D. 30520

______________________________
David C. Trimmer, II, Esquire
PA. I.D. 202924

Counsel for Plaintiffs,
Mary Jean Smith and Daniel Cooper

**VERIFICATION**

I, Mary Jean Smith, hereby aver that the statements contained in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to the unsworn falsification to authorities.

______________________________
Mary Jean Smith

DATED:________________

G.D. NO. 07-027379

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **COMPLAINT IN CIVIL ACTION** was served via U. S. mail, postage prepaid, this 5TH of February, 2008, to:

Steven J. Forry, Esq.
White and Williams, LLP
1001 Frick Building
Pittsburgh, PA 15219

Respectfully submitted:

JONES, GREGG, CREEHAN & GERACE, LLP

BY: ______________________

Anthony J. Plastino, II, Esquire
411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA 15219
412-261-6400

COUNSEL FOR PLAINTIFF

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARY JEAN SMITH and<br>DANIEL COOPER,<br><br>Plaintiffs,<br><br>v.<br><br>DAVOL, INC.<br>SUB C.R. BARD, INC.<br><br>Defendant. | CIVIL DIVISION<br><br>NO.: G.D. 07-27379<br><br>**PRAECIPE FOR WRIT OF SUMMONS**<br><br>Filed on Behalf of Plaintiffs,<br>MARY JEAN SMITH and DANIEL COOPER<br><br>Counsel of Record for This Party:<br><br>DAVID M. HUNTLEY, ESQUIRE<br>PA I.D. #59960<br><br>ANTHONY J. PLASTINO, II, ESQUIRE<br>PA I.D. #30520<br><br>JONES, GREGG, CREEHAN & GERACE, LLP<br><br>411 Seventh Avenue, Suite 1200<br>Pittsburgh, Pennsylvania 15219<br>(412) 261-6400<br><br>FIRM I.D. #140 |

FILED 07 DEC 20 PM 3:29 PROTHONOTARY ALLEGHENY COUNTY

JURY TRIAL DEMANDED.

Validate Check OPS$LAURIE01
12-20-2007 03:29:36
GD-07-027379

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MARY JEAN SMITH and DANIEL COOPER, | ) | CIVIL DIVISION |
| | ) | NO.: G.D. |
| Plaintiffs, | ) | |
| v. | ) | |
| DAVOL, INC. SUB C.R. BARD, INC., | ) | |
| Defendant. | ) | |

PRAECIPE FOR WRIT OF SUMMONS

TO: PROTHONOTARY

Kindly issue a Writ of Summons in the above-captioned Civil Action against the defendant, Davol, Inc. Sub C.R. Bard, Inc.

JONES, GREGG, CREEHAN & GERACE, LLP

BY: ______________________

David M. Huntley, Esquire

BY: ______________________

Anthony J. Plastino, II, Esquire

Attorneys for Plaintiffs

JURY TRIAL DEMANDED.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARY JEAN SMITH and<br>DANIEL COOPER, | CIVIL DIVISION |
| | NO.: G.D. 07-027379 |
| Plaintiffs, | |
| v. | **PROOF OF SERVICE** |
| DAVOL, INC.<br>SUB C.R. BARD, INC. | |
| Defendant. | Filed on Behalf of Plaintiffs,<br>MARY JEAN SMITH and DANIEL COOPER |
| | Counsel of Record for This Party: |
| | DAVID M. HUNTLEY, ESQUIRE<br>PA I.D. #59960 |
| | ANTHONY J. PLASTINO, II, ESQUIRE<br>PA I.D. #30520 |
| | JONES, GREGG, CREEHAN & GERACE, LLP |
| FILED<br>08 JAN -3 PM 3:2<br>PROTHONOTARY<br>ALLEGHENY COUNTY | 411 Seventh Avenue, Suite 1200<br>Pittsburgh, Pennsylvania 15219<br>(412) 261-6400 |
| | FIRM I.D. #140 |

JURY TRIAL DEMANDED.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MARY JEAN SMITH and DANIEL COOPER, | ) | CIVIL DIVISION |
| | ) | NO.: G.D. 07-027379 |
| Plaintiffs, | ) | |
| v. | ) | |
| DAVOL, INC. SUB C.R. BARD, INC., | ) | |
| Defendant. | ) | |

PROOF OF SERVICE

I, Anthony J. Plastino, II attorney for the Plaintiffs, Mary Jean Smith and Daniel Cooper, hereby certify that a true and correct copy of the Writ of Summons in a Civil Action filed in the within action was served on the Defendant, by mailing said Writ of Summons in a Civil Action by certified mail, return receipt requested, postage prepaid, a copy of which is attached as Exhibit "A", at the following address:

Davol, Inc. Sub C.R. Bard, Inc.
100 Sockannossett Crossroad
Cranston, RI 02920

JONES, GREGG, CREEHAN & GERACE, LLP

BY: ______________________

Anthony J. Plastino, II, Esquire
Attorneys for Plaintiffs

SWORN TO AND SUBSCRIBED BEFORE ME THIS 3RD DAY OF JANUARY, 2008.

______________________
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Tammy S. Findlay, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires March 31, 2011
Member, Pennsylvania Association of Notaries

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Davol, Inc. Sub C.R. Bard, Inc
100 Sockanossett Crossroad
Cranston, RI 02920

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) D CABRAL
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)* 7006 3450 0002 4362 1562

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**JONES, GREGG, CREEHAN, & GERACE, LLP**
**ATTORNEYS AT LAW**
**411 SEVENTH AVENUE, SUITE 1200**
**PITTSBURGH, PA 15219-1905**

Smith

**EXHIBIT**
tabbies
A

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing **PROOF OF SERVICE** was served via U. S. mail, postage prepaid, this 3 of January, 2008, to:

Davol, Inc. Sub C.R. Bard, Inc.
100 Sockannossett Crossroad
Cranston, RI 02920

Respectfully submitted:

JONES, GREGG, CREEHAN & GERACE, LLP

BY:____________________
Anthony J. Plastino, II, Esquire
411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA 15219
412-261-6400

COUNSEL FOR PLAINTIFFS

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MARY JEAN SMITH and
DANIEL COOPER,

Plaintiffs,

v.

DAVOL, INC.
SUB C.R. BARD, INC.

Defendant.

CIVIL DIVISION

NO.: G.D. 07-027379

**AMENDED PROOF OF SERVICE**

Filed on Behalf of Plaintiffs,
MARY JEAN SMITH and DANIEL COOPER

Counsel of Record for This Party:

DAVID M. HUNTLEY, ESQUIRE
PA I.D. #59960

ANTHONY J. PLASTINO, II, ESQUIRE
PA I.D. #30520

JONES, GREGG, CREEHAN & GERACE, LLP

411 Seventh Avenue, Suite 1200
Pittsburgh, Pennsylvania 15219
(412) 261-6400

FIRM I.D. #140

08 JAN 10 AM 11: 2
ALLEGHENY COUNTY

JURY TRIAL DEMANDED.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MARY JEAN SMITH and DANIEL COOPER, | ) | CIVIL DIVISION |
| | ) | NO.: G.D. 07-027379 |
| Plaintiffs, | ) | |
| v. | ) | |
| DAVOL, INC. SUB C.R. BARD, INC., | ) | |
| Defendant. | ) | |

PROOF OF SERVICE

I, Anthony J. Plastino, II attorney for the Plaintiffs, Mary Jean Smith and Daniel Cooper, hereby certify that a true and correct copy of the Writ of Summons in a Civil Action filed in the within action was served on the Defendant on December 26, 2007, by mailing said Writ of Summons in a Civil Action by certified mail, return receipt requested, postage prepaid, a copy of which is attached as Exhibit "A", to the Defendant at the following address:

Davol, Inc. Sub C.R. Bard, Inc.
100 Sockannossett Crossroad
Cranston, RI 02920

JONES, GREGG, CREEHAN & GERACE, LLP

BY: ______________________

Anthony J. Plastino, II, Esquire
Attorneys for Plaintiffs

SWORN TO AND SUBSCRIBED BEFORE ME THIS 9TH DAY OF JANUARY, 2008.

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Tammy S. Findlay, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires March 31, 2011
Member, Pennsylvania Association of Notaries

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Davol, Inc. Sub C.R. Bard, Inc
100 Sockanossett Crossroad
Cranston, RI 02920

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) D CABRAL
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)* 7006 3450 0002 4362 1562

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

JONES, GREGG, CREEHAN, & GERACE, LLP
ATTORNEYS AT LAW
411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA 15219-1905

Smith

EXHIBIT
tabbies
A

WRIT OF SUMMONS IN CIVIL ACTION
NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO
TO DEFENDANT(S): You are notified that the plantiff(s) has/have commenced an action against you which you are required to Defend.

Michael E. Lamb, Prothonotary

Date 12/20/2007
Returnable 1/19/2008

## WRIT OF SUMMONS IN CIVIL ACTION

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Plantiff(s)<br>**Smith, Mary Jean**<br>**Cooper, Daniel** | Case Number :<br>GD - 07 - 027379 |
| | Type of pleading:<br>**PRAECIPE FOR WRIT OF SUMMONS** |
| | Filed on behalf of:<br>**Daniel Cooper**<br><br>**David M Huntley**<br>(Name of the filing party) |
| Vs<br>Defendant(s)<br>**Davol Inc.**<br>**of C.R, Bard Inc. representative** | [X] Counsel of Record<br>[ ] Individual, If Pro Se |
| | Name, Address and Telephone Number :<br>**David M Huntley**<br>**411 Seventh Avenue**<br>**Suite 1200**<br>**Pittsburgh , PA 15219-1905** |
| | Attorney's State ID: **59960** |

**Michael E. Lamb, Prothonotary**

Case 1:08-cv-00129-S-LDA Document 1-3 Filed 04/10/08 Page 28 of 28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **AMENDED PROOF OF SERVICE** was served via U. S. mail, postage prepaid, this 10 of January, 2008, to:

Davol, Inc. Sub C.R. Bard, Inc.
100 Sockannossett Crossroad
Cranston, RI 02920

Respectfully submitted:

JONES, GREGG, CREEHAN & GERACE, LLP

BY:____________________

Anthony J. Plastino, II, Esquire
411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA 15219
412-261-6400

COUNSEL FOR PLAINTIFFS